IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
No. 5:11-cv-62-RLV-DSC

| | |
|---|---|
| PETER JOLLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DAVID THOMAS MCBURNEY, | ) |
| GUNTIS GRABAZS, and | ) |
| CAITLYN ELIZABETH JOY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER ON MOTION TO RELIEVE DEFENDANT DAVID THOMAS MCBURNEY'S LIABILITY CARRIER OF OBLIGATION TO DEFEND AND MOTION TO WITHDRAW AS COUNSEL

**THIS MATTER** came on for consideration by the undersigned Magistrate Judge upon the Motion of Integon National Insurance Company ("Integon") that the Court enter an order relieving Integon from any further liability or obligation to participate in this case pursuant to the provisions of N.C.G.S. §20-279.21(b)(4) and for an order allowing counsel, Roberta King Latham, to withdraw as counsel of record for David Thomas McBurney, and it appearing to the Court that after consideration of said Motion that the Motion should be GRANTED, the Court makes the following findings of fact and conclusions of law:

1.   This lawsuit arises out of an automobile accident which occurred on May 2, 2008 in Boone, Watauga County, North Carolina, and in which is alleged that the Plaintiff, Peter Jolly, sustained personal injuries as a result of this accident.

2. In connection with this collision, the Plaintiff filed a Complaint in this action which is the subject matter of this lawsuit.

3. At the time of the occurrence, the Defendant, David Thomas McBurney, was an insured under a policy of automobile liability insurance issued by Integon to his mother, Joni McBurney, policy number SAF 0980718. This policy of automobile liability insurance provided for liability insurance coverage in the amount of Thirty Thousand Dollars ($30,000.00) per person and Sixty Thousand Dollars ($60,000.00) per accident.

4. As a result of the accident in question, Integon, on behalf of the Defendant, David Thomas McBurney, tendered its Thirty Thousand Dollar ($30,000.00) per person limits of insurance coverage to the Plaintiff. In response to that tender, the Plaintiff entered into and executed a Covenant Not To Enforce Judgment against Mr. McBurney.

5. GEICO, the underinsured motorist carrier for the Plaintiff, was placed on notice of said tender and had the right to advance subtender and GEICO waived its subrogation rights against the Defendant, David Thomas McBurney.

6. At the time of the filing of the Motion to be Relieved of Duty to Defend and Motion to Withdraw as Counsel, the law firm of Bennett & Guthrie, P.L.L.C. wrote to the Defendant, Mr. McBurney, and advised him of his rights pursuant to N.C.G.S. §20-279.21 and specifically advised him of the nature of this Motion and the right to obtain counsel of his own choice to appear and defend him in this case. The Defendant consented to the relief requested in this Motion.

Based upon the foregoing findings of fact and conclusions of law, now, therefore, it is hereby **ORDERED**, **ADJUDGED** and **DECREED**, as follows:

1. That GEICO has waived its right of subrogation against the named Defendant, David Thomas McBurney, and the right to approve this settlement as a result of its waiver of subrogation against the named Defendant within thirty (30) days after notice of said settlement had been given to said underinsured motorist carrier.

2. That the Plaintiff shall have and recover of the named Defendant, David Thomas McBurney, and Integon, the sum of Thirty Thousand Dollars ($30,000.00) receipt of which is hereby acknowledged, which represents the applicable policy limits of liability under the policy of insurance issued by Integon which affords liability insurance coverage to Mr. McBurney at the time of the accident referenced in the Complaint.

3. That Integon is released and relieved of any further liability or obligation to participate in the defense of this action.

4. That the law firm of Bennett & Guthrie, P.L.L.C., and Roberta King Latham, are hereby released and relieved from any further duty to represent David Thomas McBurney in this action.

5. That the Plaintiff shall have and recover nothing further from the named Defendant, David Thomas McBurney, as outlined in the Covenant Not To Enforce Judgment.

6. Nothing in this Order nor the signing of the Covenant Not To Enforce Judgment as hereinabove mentioned shall release or relinquish any rights that the Plaintiff has or might have against GEICO, the underinsured motorist carrier.

**SO ORDERED**.

Signed: February 19, 2013

_____
David S. Cayer
United States Magistrate Judge