IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:11-cv-00062-RLV-DSC

| | |
|---|---|
| PETER JOLLY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    **MEMORANDUM AND ORDER** |
| | ) |
| DAVID THOMAS MCBURNEY, GUNTIS GRABAZS, and CAITLIN ELIZABETH JOY, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on Defendants Grabazs and Joy's Motion for Summary Judgment and Memorandum in Support of Summary Judgment (Doc. 39), filed on March 28, 2013. Unnamed Defendant, GEICO Indemnity Company, filed a Memorandum in Opposition to Motion for Summary Judgment (Doc. 41) on April 15, 2013, and Plaintiff filed a Response in Opposition to Motion for Summary Judgment (Doc. 42) on April 15, 2013. All of the responsive pleadings were timely filed and have been fully considered by this Court.

I. BACKGROUND

The present case arises from a multi-vehicular collision that occurred in Boone, North Carolina, on May 2, 2008, involving three automobiles: a 1998 Mazda (Unit 3), owned and operated by Plaintiff Peter Jolly, a 1995 Volvo (Unit 2), owned by Defendant Guntis Grabazs and operated by Defendant Caitlin Elizabeth Joy, and a 1989 Chevrolet (Unit 1), owned and operated by Defendant David McBurney. Doc. 39, Ex. 1. Immediately before the collision occurred, Defendant Joy was traveling south on Blowing Rock Road directly behind Plaintiff Jolly, and Defendant McBurney was traveling south directly behind Defendant Joy. *Id*.

1

Allegedly, Plaintiff Jolly brought his vehicle to a stop behind a large, white SUV and was then struck from behind by Joy.  Doc. 39, Ex. 5; Jolly Dep. 21, 24–26.

On May 2, 2011, Plaintiff commenced litigation, bringing claims against Defendants Joy and McBurney for negligence, and against Defendant Grabazs for negligent entrustment, respondeat superior, and the family-purpose doctrine.[1]  Doc. 1.  Plaintiff filed an Amended Complaint on August 17, 2011, in order to correct the spelling of Defendant McBurney's surname.  Doc. 17.  In the Complaint, Jolly avers two different sequences of events preceding the collision.  In paragraph twelve of the Amended Complaint, Plaintiff alleges that Defendant McBurney struck Defendant Joy's vehicle, which caused Defendant Joy to "forcefully collide" with Plaintiff.  Compl. ¶ 12.  In paragraph thirteen of the Amended Complaint, Plaintiff alleges that Defendant Joy struck Plaintiff and, after their vehicles came to rest, Defendant McBurney struck Defendant Joy, causing a second impact with the rear of Plaintiff's vehicle.  Compl. ¶ 13.

Defendants Joy and Grabazs filed an Answer to the Amended Complaint and crossclaim for contribution against Defendant McBurney on August 23, 2011, maintaining that Defendant Joy did not strike Plaintiff's vehicle until after she was struck from the rear by Defendant McBurney, admitting that Defendant McBurney struck Defendant Joy's vehicle, which caused Defendant Joy to strike the vehicle operated by Plaintiff, and denying all allegations of negligence.  Doc. 19.  Unnamed Defendant GEICO Indemnity Company, Plaintiff's uninsured/ underinsured motorist carrier (UIM), filed an Answer to the Amended Complaint on September 6, 2011, stating Unnamed Defendant lacked sufficient knowledge to form a belief as to the truth of the allegations and thus denying all allegations.  Doc. 21.  Defendant McBurney filed an Answer to the Amended Complaint and Defendants Joy and Grabazs's crossclaim for

---

[1] Defendants Joy and Grabazs jointly answered the Complaint on June 16, 2011, and Unnamed Defendant GEICO Indemnity Company answered the Complaint on July 19, 2011.

contribution, and his own crossclaim for contribution or indemnity against Defendants Joy and Grabazs on September 23, 2011, denying all allegations of negligence and denying the allegations listed in paragraphs twelve and thirteen of the Complaint. Doc. 22. Defendants Joy and Grabazs filed an Answer to Defendant's McBurney's crossclaim for contribution or indemnity on September 28, 2011. Doc. 23.

Integon National Insurance Company, Defendant McBurney's liability carrier, tendered the full amount of Defendant McBurney's policy limit of $30,000 to Plaintiff as consideration for a covenant not to enforce judgment resulting from any and all claims against Defendant McBurney in connection with the May 2, 2008, collision. Plaintiff executed the Covenant Not to Enforce Judgment on October 15, 2012. Doc. 36, Ex. A.

According to Defendants Joy and Grabazs, based upon the absence of any genuine issue of material fact after discovery regarding their negligence, Plaintiff's counsel agreed to dismiss Defendants Joy and Grabazs from the lawsuit, and prepared and executed a Stipulation of Dismissal. Doc. 39, Ex. 2. Purportedly, the Stipulation of Dismissal was not filed because Unnamed Defendant GEICO refused to consent to the dismissal. Doc. 39 at 3. On March 28, 2013, Defendants Joy and Grabazs filed a Motion for Summary Judgment and memoranda in support thereof, asserting that they are entitled to judgment as a matter of law because no genuine issue of material fact exists supporting Plaintiff's negligence claims against them. Doc. 39.

### III. STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law identifies which facts are material, and a dispute "over facts that

might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over facts is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

When ruling on a motion for summary judgment, the Court must view the evidence and any reasonable inferences arising therefrom in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255. "Permissible inferences must still be within the range of reasonable probability, however, and it is the duty of the court to withdraw the case from the jury when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." *Sylvia Dev. Corp. v. Calvert County*, 48 F.3d 810, 818 (4th Cir. 1995) (quoting *Ford Motor Co. v. McDavid*, 259 F.2d 261, 266 (4th Cir. 1958). "Whether an inference is reasonable . . . must be considered "in light of the competing inferences" to the contrary. *Id*. at 818 (quoting *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 129 S. Ct. 2658, 2677 (2009) (quoting *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

A moving party satisfies its burden by showing that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The moving party must support its assertion and inform the district court of the basis for its motion by identifying those portions of the record before the Court that demonstrate the absence of a genuine issue of material fact. *Id.* at 323. If the moving party satisfies its burden, the nonmoving party must establish that there are genuine issues of material fact by presenting sufficient evidence from which a reasonable jury could return a verdict for the nonmoving party.

4

*Anderson*, 477 U.S. at 252. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. *Celotex*, 477 U.S. at 324. "The mere existence of a scintilla of evidence in support of the [nonmoving party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

In order to survive a motion for summary judgment, Plaintiff must establish a prima facie case of negligence by showing "(1) that defendant failed to exercise proper care in the performance of a duty owed plaintiff; (2) the negligent breach of that duty was a proximate cause of plaintiff's injury; and (3) a person of ordinary prudence should have foreseen that plaintiff's injury was probable under the circumstances." *McCorkle v. N. Point Chrysler Jeep, Inc.*, 703 S.E.2d 750, 752 (N.C. Ct. App. 2010) (quoting *Pike v. D.A. Fiore Constr. Servs., Inc.*, 689 S.E.2d 535, 537 (N.C. Ct. App. 2009)). "Ordinarily the mere fact of a collision with a vehicle ahead furnishes some evidence that the following motorist was negligent as to speed, was following too closely, or failed to keep a proper lookout." *Parker v. Bruce*, 128 S.E.2d 561, 562 (N.C. 1962). While "the fact that a following vehicle has collided with a preceding one does not compel" a determination as to negligence, it "raises a question for determination by the jury." *Scher v. Antonucci*, 336 S.E.2d 434, 435 (N.C. Ct. App. 1985) (quoting *Daughtry v. Turnage*, 246 S.E.2d 788, 791 (N.C. 1978)).

Defendants Joy and Grabazs assert there is an absence of any genuine issue of material fact because the evidence shows that Joy came to a complete stop before she was hit from behind by McBurney and pushed into Jolly's vehicle. Doc. 39 at 7. In support, Joy and Grabazs cite

5

relevant parts of Defendant Joy's deposition, Defendant McBurney's deposition, and Plaintiff Jolly's deposition.

Joy testified that immediately prior to the collision, Jolly "slammed on his brakes all the way" and "stopped short," and Joy brought her vehicle to a complete stop less than a car length behind Jolly's vehicle. Doc. 39, Ex. 3; Joy Dep. 7–8. McBurney testified that he struck Joy in the rear once she had come to a complete stop. Doc. 39, Ex. 4; McBurney Dep. 30. McBurney also testified that although he did not see or hear any impact before he struck Joy he has no knowledge of whether he struck Joy before or after Joy struck Jolly. Doc. 39, Ex. 4; McBurney Dep. 30–31, 43. Jolly testified that he saw Joy's vehicle approaching him from behind after he stopped behind a large white SUV and that she struck his vehicle a few seconds later. Doc. 39, Ex. 5; Jolly Dep. 29–30. Jolly also testified that he distinctly remembered and is "very certain" he felt two impacts to the rear of his vehicle. Doc. 39, Ex. 5; Jolly Dep. 31–33, 36.

Many scenarios can reasonably be inferred from the evidence presented. However, viewing all evidence in the light most favorable to the non-moving party, Jolly's testimony that he felt two impacts from behind raises an inference that Joy struck Jolly and, after their vehicles came to rest, McBurney struck Joy, causing a second impact with the rear of Jolly's vehicle.

## V. CONCLUSION

Having reviewed the parties' legal arguments, the evidentiary record, and the applicable law, the Court finds that genuine disputes of fact surrounding the May 2, 2008, multi-vehicular collision exist such that summary judgment is precluded.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Summary Judgment (Doc. 39) be **DENIED**.

Signed: August 1, 2013

Richard L. Voorhees
United States District Judge